UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN A. TROMBLEY,

                      Plaintiff,                      CASE NUMBER: 12-15675
v.                                        HONORABLE VICTORIA A. ROBERTS

SETERUS, INC., f/k/a/ IBM Lender Business
Process Services, Inc. AND FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

                      Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. # 35)**

## I.    INTRODUCTION

Carolyn Trombley ("Plaintiff") alleges that Seterus, Inc. ("Seterus") and Federal

National Mortgage Association ("Fannie Mae"; collectively "Defendants") wrongly

breached a January 2011 loan modification agreement by failing to implement its terms

and then foreclosing on her home.  Plaintiff alleges three causes of action: Breach of

Contract, Promissory Estoppel, and Quiet Title; she seeks title to her home and specific

performance of the loan modification agreement.

Before the Court is Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

(Doc. # 35).  Defendants ask the Court to dismiss Plaintiff's Complaint and order that

funds held in escrow pursuant to the Preliminary Injunction (*see* Doc. # 9) be released

to them immediately.

Defendants say Plaintiff's claims fail for several reasons; particularly, they say

that: (1) no valid and binding loan modification agreement exists, because Plaintiff's ex-

husband, Clifford Trombley, and Seterus did not sign the January 2011 agreement and

because Plaintiff rejected a second loan modification offered to her in August 2011; (2) the statute of frauds bars her breach of contract claim; and (3) Plaintiff failed to mitigate her damages by rejecting the second loan modification. Defendants say Plaintiff's promissory estoppel claim fails because her reliance on the January 2011 loan modification agreement was not reasonable; they say Plaintiff's quiet title claim fails because she cannot establish superior title to the underlying property.

The Court **GRANTS** Defendants' Motion to Dismiss. The Michigan Statute of Frauds bars Plaintiff's breach of contract and promissory estoppel claims; Plaintiff fails to allege sufficient facts to state a plausible quiet title claim. The Complaint is **DISMISSED**.

The Court orders that the funds Plaintiff paid for monthly rent, which are held in escrow pursuant to the Preliminary Injunction, be released to Defendants.

## II.   BACKGROUND

In 1998, Plaintiff and Clifford Trombley purchased the real property located at 25011 30 Mile Road, Lenox Township, Michigan (the "Property"). On August 11, 2003, they obtained a mortgage loan to refinance their existing home loan. To memorialize the refinancing loan, Plaintiff and Mr. Trombley executed a mortgage on the Property (the "Mortgage") and signed a promissory note – secured by the Mortgage – in the amount of $191,400.00 (the "Note"); both were obligors on the Note. Fannie Mae owned the indebtedness; Seterus serviced the loan on Fannie Mae's behalf.

In September 2008, Plaintiff and Mr. Trombley divorced; their assets were divided according to a Consent Judgment of Divorce. With respect to the Property,

2

Plaintiff and Mr. Trombley agreed that:

(1)     Plaintiff receives the parties' interest in the Property and has the sole and exclusive use and possession of it free and clear of any claim or interference from Mr. Trombley;

(2)     Plaintiff is solely responsible for the payment of all future indebtedness related to the Property, and she indemnifies and holds Mr. Trombley harmless from any future liabilities related to it;

(3)     Mr. Trombley must convey all of his interest in the Property to Plaintiff by quit claim deed; that deed will be held in escrow until either he dies or she sells or refinances the Property; Plaintiff must either sell or refinance the Property within five years, such that Mr. Trombley is removed from the Mortgage; and

(4)     Mr. Trombley may petition the court to sell the Property if Plaintiff defaults on the Mortgage; Plaintiff receives any proceeds from such a sale after the costs are paid and the remaining due on the loan is satisfied; Plaintiff is solely responsible for any deficiency.

*See* Consent Judgment of Divorce, pp. 16-18.  Despite entry of the Consent Judgment of Divorce, Mr. Trombley remained an obligor on the Note.

Following the divorce, Plaintiff contacted Seterus to discuss a loan modification. In October 2010, Plaintiff was approved to enter a trial period plan ("TPP") under the Home Affordable Modification Program ("HAMP"); because Clifford Trombley was still listed as an obligor under the Mortgage, the letter offering the TPP was addressed to both him and Plaintiff.  The TPP lasted three months and provided a lower monthly payment; if Plaintiff made all three TPP payments on time and submitted the required documents, Seterus would permanently modify the loan.

On January 30, 2011, after Plaintiff successfully completed the TPP, Seterus sent Plaintiff a written offer for a permanent loan modification; the offer was addressed to Plaintiff and Mr. Trombley.  Attached to the offer was a Home Affordable Modification

3

Agreement (the "First Modification") listing Plaintiff and Mr. Trombley as co-borrowers. The initial monthly payment under the First Modification was $985.06. Regarding acceptance, the First Modification stated:

> I understand that after I sign and return two copies of this Agreement to the Servicer, the Servicer will send me a signed copy of the Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

The First Modification noted that the use of "I" is substituted with "We" where there are two or more borrowers.

Section 2 of the First Modification provides: "I understand that the Loan Documents will not be modified unless and until (i) I receive from the Servicer a copy of this Agreement signed by the Servicer."

On February 10, 2011, Plaintiff returned the First Modification to Seterus with her signature, but not Mr. Trombley's. Because of the divorce decree, Plaintiff believed that only she needed to sign the First Modification. Indeed, Section 4 of the First Modification contemplated whose signature was required if co-borrowers divorce:

> [A]ll persons who signed the Loan Documents...have signed this agreement, **unless**...the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents)....

After signing and delivering the First Modification, Plaintiff made monthly payments under its terms.

On February 14, 2011, Clifford Trombley received a Chapter 7 bankruptcy discharge of his obligations under the Note; Defendants removed Mr. Trombley from the

4

loan records in March 2011.

On June 21, 2011, Seterus sent Plaintiff a letter rejecting the First Modification – not because Mr. Trombley had not signed it, but because it claimed she did not make the required payments under the TPP. Plaintiff successfully challenged this decision, proving she made the payments.

On August 16, 2011, Seterus offered her a new loan modification (the "Second Modification"); because Mr. Trombley had been removed from the loan records, this modification only listed Plaintiff. The initial monthly payment amount and the interest rates under the Second Modification were more favorable to Plaintiff than the First Modification. Plaintiff did not accept the Second Modification.

On October 19, 2011, Seterus sent Plaintiff a second letter rejecting the First Modification; this time Seterus said it would not implement the terms of the First Modification because Mr. Trombley did not sign the agreement. Seterus took the position that the loan was never modified and the terms of the Note and Mortgage remained unchanged; as a result, Plaintiff defaulted on the loan.

Fannie Mae commenced foreclosure proceedings in December 2011; on January 12, 2012, Fannie Mae purchased the Property at sheriff sale for $198,990.67. Under statute, Plaintiff had a right to redeem the Property for 12 months from the date of the foreclosure sale. The redemption period was set to expire January 12, 2013; however, on December 18, 2012, Plaintiff filed this action in state court and received an *ex parte* temporary restraining order that tolled the expiration of the redemption period.

Defendants timely removed the action to this Court based on diversity jurisdiction. On February 7, 2013, the Court entered a preliminary injunction; among

5

other things, the Court ordered that pending the outcome of this litigation: (1) Defendants could not evict Plaintiff from the Property; (2) Plaintiff's statutory redemption period is stayed, and her right to redeem the Property is preserved; and (3) Plaintiff must pay monthly rent to Defendants in the amount of $985.06 – i.e., the monthly payment under the First Agreement – which is to be held in her attorney's trust account.

On February 27, 2013, Fannie Mae filed a third-party complaint against Clifford Trombley; Plaintiff moved to strike the third-party complaint. On October 10, 2013, after the matter was fully briefed, the Court entered an Order granting Plaintiff's motion to strike. (Doc. # 25). The Court found that Mr. Trombley was not a necessary party and that complete relief can be accorded without his presence, "because: (1) [he] is not a party to the [First Agreement] nor was he required to be a party to it; and (2) quiet title only restores [Plaintiff's] interest to what it was before the foreclosure."

On January 14, 2014, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This matter is fully briefed; the Court waives oral argument under L.R. 7.1(e)(2).

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

6

(2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief."  *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence."  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

7

**IV.     DISCUSSION**

Defendants says the Complaint should be dismissed in its entirety for failing to state a claim.  Plaintiff says she alleged sufficient facts to establish a plausible claim for relief.

Because this is a diversity action, the Court applies Michigan substantive law. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir.2009) ("Under the *Erie* doctrine, federal courts sitting in diversity apply the substantive law of the forum state and federal procedural law.").

**A.     Breach of Contract and Promissory Estoppel**

Although Defendants make several arguments for why Plaintiff's breach of contract and promissory estoppel claims should be dismissed, the Court only analyzes the viability of these claims under Michigan's statute of frauds; because these claims are barred by the statute of frauds, it is unnecessary to address Defendants' other arguments.

Defendants say the statute of frauds bars Plaintiff from bringing this action against them because the First Modification was not signed by an authorized representative of Seterus.

Even though the First Modification was not signed by Seterus, Plaintiff says the statute of frauds is satisfied.  Plaintiff relies on the cover letter accompanying the First Modification, which was electronically signed "Sincerely, IBM Lender Business Process Services, Inc."; IBM Lender Business Process Services, Inc., is Seterus' former name.

Plaintiff's breach of contract claim and promissory estoppel claim fail under the Michigan Statute of Frauds.  Michigan's statute of frauds provides that:

8

(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

(a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.

(b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2). "This provision applies to an action against financial institutions based upon a promise to modify a loan and is 'unambiguous.'" *Helmus v. Chase Home Fin., LLC*, 890 F.Supp.2d 806, 813 (W.D. Mich. 2012) (quoting *Ennis v. Wells Fargo Bank, N.A.,* No. 10-751, 2011 WL 1118669, at *3 (W.D.Mich. Mar. 25, 2011) (quoting *Crown Tech. Park v. D & N Bank, FSB,* 242 Mich.App. 538, 550 (Mich. Ct. App. 2000))). Moreover, the Michigan Statute of Frauds "applies to any 'claim – no matter its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision.'" *Helmus*, 890 F.Supp.2d at 813 (quoting *Crown Tech.,* 242 Mich. App. at 550).

"Michigan courts interpret the requirement of an 'authorized signature' as that of 'an authorized representative' of the financial institution." *Helmus*, 890 F.Supp.2d at 813 (citing *Cadle Co. II, Inc. v. P.M. Group, Inc.*, Mo 275099, 2007 WL 3119569, at *2 (Mich. Ct. App. Oct. 25, 2007) (per curium). Several courts have recently held that an electronic signature on a cover letter – such as the one accompanying the First Modification – does not satisfy Michigan's statute of frauds. *See*, *e.g.*, *Helmus*, 890

9

F.Supp.2d at 813 (holding that a cover letter accompanying a TPP that was electronically signed "Sincerely, CHASE HOME FINANCE, LLC" did not satisfy the statute of frauds, "[b]ecause the letter was not signed by an authorized representative of Chase"); *Rummell v. Vantium Capital, Inc.*, No. 12-10952, 2012 WL 2564846, at *6 (E.D. Mich. July 2, 2012) (holding that "the electronic 'Sincerely, CitiMortgage Inc.' on the cover letter accompanying the 2009 TPP ... [does not] satisf[y] the statute of frauds ... because it is not a writing signed by 'an authorized agent of the financial institution' as required by Mich. Comp. Laws § 566.132(2)(c).") (citations omitted); *Brady v. Chase Home Fin., LLC*, No. 11-838, 2012 WL 1900606, at *8 (W.D. Mich. May 24, 2012) (holding the same as *Helmus*).  *See also Badger v. Federal Nat'l Mortgage Assoc.*, No 12-13416, 2013 WL 4805512, at *6 (E.D. Mich. Sept. 9, 2013); *Acheampong v. Bank of New York Mellon*, No. 12-13233, 2013 WL 173472, at * 8-9 (E.D. Mich. Jan. 16, 2013).

In each of those cases, the court dismissed the breach of contract claim, finding that it was barred by the Michigan Statute of Frauds.  *See id.*  Additionally, the courts found that the Michigan Statute of Frauds also barred promissory estoppel claims.  *See Helmus*, 890 F.Supp.2d at 815-16 (citing *Talton v. BAC Home Loans Servicing LP*, 839 F.Supp.2d 896, 912 (E.D. Mich. 2012) (citing *Crown Tech. Park*, 242 Mich. App. at 550)); *Rummell*, 2012 WL 2564846, at *6; *Brady*, 2012 WL 1900606, at *9 (citations omitted).

Because the First Modification and its cover letter were not signed by an authorized representative of Defendants, Plaintiff's breach of contract claim and her promissory estoppel claim are barred by the Michigan Statute of Frauds.  *See id.*  These claims are dismissed.

10

### B.    Quiet Title

Defendants say Plaintiff's quiet title claim fails because she does not allege facts that give her superior title to the Property.  Plaintiff says she alleged sufficient facts to establish a plausible quiet title claim based on Defendants' breach of the First Modification.

Because the breach of contract and promissory estoppel claims are barred by the statute of frauds, Plaintiff fails to allege sufficient facts to show that she has superior title to the Property.  Plaintiff's quiet title claim is dismissed.

## V.    CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**; the Complaint is **DISMISSED**.  The Court orders that the funds Plaintiff paid for monthly rent, which are held in escrow pursuant to the Preliminary Injunction, be released to Defendants.

**IT IS ORDERED**.

S/Victoria A. Roberts

Victoria A. Roberts
United States District Judge

Dated:  April 25, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 25, 2014.

s/Linda Vertriest
Deputy Clerk

11